# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:06-cr-136 |
| | ) | (Phillips) |
| Roger E. Mills | ) | |

## MEMORANDUM AND ORDER

Defendant, Roger W. Mills has filed a *pro se* motion to receive credit for jail time served. [Doc. 208]. Specifically, defendant requests the court to credit the 9 months served in federal custody prior to sentencing. The Defendant alleges that he has spoken to the Bureau of Prisons, but the Bureau of Prisons informed the Defendant that the Court had the authority to credit him for time served. The Defendant is, unfortunately, misinformed.

Credit for time served is governed by 18 U.S.C. § 3585(b). Credit is given for any time spent in official detention when an inmate is detained pursuant to a detention order which conforms to 18 U.S.C. § 3142(i)(2); however, the power to grant credit for time served lies solely with the Attorney General of the United States and the Bureau of Prisons. 18 U.S.C. § 3585(b). *See also, United States v. Brown,* 417 Fed. Appx. 488, 493 (6th Cir. Mich. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons..."); *United States v. Wilson,* 503 U.S. 329, (6th Cir. 1992) *at* 333-34.

Since the Attorney General of the United States and the Bureau of Prisons have the sole authority to award credit for time served, the defendant's motion [Doc. 208] is **DISMISSED.**

**IT IS SO ORDERED**.

**ENTER:**

        s/ Thomas W. Phillips
      United States District Judge